**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TONY PARKER | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-225 KB |
| SHELBY COUNTY, TEXAS, ET AL. | § | |

### ORDER OVERRULING SHERIFF BLACKWELL'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tony Parker, proceeding through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Shelby County, Texas, Sheriff Willis Blackwell, and Korey McClure.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. Shelby County and Sheriff Willis Blackwell filed motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommends granting Shelby County's motion to dismiss and denying Sheriff Blackwell's motion to dismiss.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Sheriff Blackwell filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the Court concludes that the objections lack merit.

**NOT FOR PRINTED PUBLICATION**

With respect to the plaintiff's claim that Sheriff Blackwell was deliberately indifferent to plaintiff's safety when he rehired Korey McClure, Sheriff Blackwell contends that the plaintiff failed to state a claim because he did not identify the reason for McClure's initial termination. Because the plaintiff does not allege the reason for the termination, Sheriff Blackwell contends that the plaintiff has failed to plead facts demonstrating that McClure was highly likely to inflict the type of injury suffered by the plaintiff or a strong connection between McClure's background and the specific constitutional violation alleged to have been committed against the plaintiff. Sheriff Blackwell cites *Gros v. City of Grand Prairie*, 209 F.3d 431 (5th Cir. 2000), for the proposition that plaintiff was required to plead the specific reason for McClure's termination in order to state a claim. However, *Gros* was decided at the summary judgment stage after discovery, which included the pre-employment personnel file of the officer. *See Gros*, 209 F.3d at 434. At this stage of the litigation, where the plaintiff has not had access to McClure's employment file, the plaintiff has plead sufficient facts to state a claim that Sheriff Blackwell was negligent in rehiring McClure after he had been previously fired for violating the constitutional rights of prisoners at the Shelby County Jail.

Next, Sheriff Blackwell contends that the plaintiff failed to plead specific facts showing how he allegedly failed to supervise McClure. An individual in a supervisory position may be held liable for the actions of a subordinate if: (1) the supervisor failed to supervise the officer involved; (2) there is a causal connection between the alleged failure to supervise and the constitutional violation; and (3) the failure to supervise rose to the level of deliberate indifference to the prisoner's constitutional rights. *Thompson v. Upshur County, TX*, 245 F.3d 4477, 459 (2001). To survive Sheriff Blackwell's motion to dismiss, the plaintiff must allege sufficient facts to state a claim to

**NOT FOR PRINTED PUBLICATION**

relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In his response to the motion to dismiss, the plaintiff argues that McClure's previous firing for allegedly violating prisoners' constitutional rights shows he presented an obvious risk and that, due to the large number of alleged instances of McClure sexually assaulting multiple prisoners after he was rehired that, a lack of supervision can be inferred. Accepting the plaintiff's allegations as true, the plaintiff has alleged facts from which the Court could infer that Sheriff Blackwell is liable for failing to supervise his subordinate.

Sheriff Blackwell contends that the Magistrate Judge failed to address his argument that the plaintiff did not allege sufficient facts to support a claim of substantive or procedural due process under the Fourteenth Amendment. As the Magistrate Judge noted, the plaintiff's claims that Sheriff Blackwell rehired and failed to supervise the plaintiff arose under the Fourteenth Amendment right to Due Process, which ensures the safety of pretrial detainees. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019). Such claims "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 4 F.3d 633, 639 (5th Cir. 1996). Because the Magistrate Judge addressed the merits of the plaintiff's specific Fourteenth Amendment claims, this objection lacks merit.

Sheriff Blackwell objects to the Magistrate Judge's finding that he is not entitled to qualified immunity. The plaintiff's allegations, if true, establish constitutional violations, and the constitutional rights were clearly established at the time of the alleged violations. *Hope v. Pelzer*,

**NOT FOR PRINTED PUBLICATION**

536 U.S. 730, 736-39 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Therefore, Sheriff Blackwell is not entitled to qualified immunity at this stage of the litigation.

Finally, Sheriff Blackwell contends that the plaintiff's claim for punitive damages should be dismissed for failure to state a claim. Punitive damages are available in a § 1983 action if the plaintiff shows that the defendant's actions were "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Court finds that the plaintiff's pleadings are sufficient to state a claim for punitive damages. Therefore, this objection lacks merit.

## ORDER

Accordingly, Sheriff Blackwell's objections (document no. 32) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 31) is **ACCEPTED**. Shelby County's motion to dismiss (document no. 21) is **GRANTED**, and Shelby County is **DISMISSED** from this action. Sheriff Blackwell's motion to dismiss (document no. 22) is **DENIED**.

So **ORDERED** and **SIGNED** this **27** day of **May, 2020.**

_____
Ron Clark, Senior Judge